# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

## CASE NO.: 1:15-CV-22961-UU

SANDRA COLON,

        Plaintiff,

vs.

NATIONSTAR MORTGAGE, LLC,

        Defendant.

_____/

### RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
### AMENDED COMPLAINT, AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Local Rule 7.1, Plaintiff, SANDRA COLON, ["Plaintiff"] hereby responds to Defendant NATIONSTAR MORTGAGE, LLC's ["Nationstar"] Motion to Dismiss under Federal Rule 12(b)(6) of the Federal Rules of Civil Procedure, and respectfully requests this Honorable Court enter an Order denying the relief sought by Defendant. In support of her Motion, Plaintiff submits the incorporated memorandum of law.

## I. INTRODUCTION AND BACKGROUND

The action before this Court arose from Nationstar's violations of the Telephone Consumer Protection Act, 47 U.S.C §227, et seq. ("TCPA"). In her Amended Complaint, Plaintiff alleges that, Nationstar placed over 50 telephone calls to her cellular telephone by using an automatic telephone dialing system. [D.E. 15 at ¶11]. Plaintiff further alleged that she never provided her expressly consent to Nationstar to contact her cellular telephone and that she sent two letters to Nationstar regarding the calls. [D.E. 15 at ¶24, D.E. 15-1, 15-2].

## II. MEMORANDUM OF LAW

In considering a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a court's review is "limited to

the four corners of the complaint." <u>Wilchombe v. TeeVee Toons, Inc.</u>, 555 F.3d 949, 959 (11th Cir. 2009) (quoting <u>St. George v. Pinellas County</u>, 285 F.3d 1334, 1337 (11th Cir. 2002)). Additionally, a court must view the complaint in the light most favorable to the plaintiff, and it must generally accept the plaintiff's well-pleaded facts as true.  <u>Hishon v. King v. Spalding</u>, 467 U.S. 69 (1984); <u>Am. United Life Ins. Co. v. Martinez</u>, 480 F.3d 1043 (11th Cir. 2007).

Once a court identifies pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth, the court must next determine whether the well-pled facts state a claim to relief that is "plausible on its face". <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (1955).  Plaintiff has "well-pled" the facts that gave rise to her Amended  Complaint. The facts supporting each element of the causes of action are pled. Thus, Plaintiff has stated a valid cause of action.

## A. Nationstar Relies on Documents Outside of the Four Corners of the Complaint

Nationstar has one argument in favor of dismissal—that Ms. Colon failed to satisfy the pre-suit notice requirement contained in paragraph 20 of her mortgage. In support, Nationstar attached to its Motion to Dismiss a copy of Ms. Colon's Mortgage and a purported assignment of mortgage. However, at this stage in the proceedings, the Court is limited to the four corners of the Complaint and Nationstar's argument goes well outside the four corners of the complaint. Moreover, even if Defendant was correct, the letters attached to the Amended Complaint satisfy the notice and cure provision.

### i.  The Mortgage is Outside of the Four Corners of the Complaint

Realizing that its argument is improper, Nationstar asserts without any support "Ms. Colon references and relies on the mortgage in her amended complaint but fails to attach it."

[D.E. 18 at *fn* 2]. This is simply untrue. Ms. Colon only mentions the mortgage once in her Amended Complaint, in paragraph 10—"The subject debt arises from a mortgage loan serviced by Defendant". It can hardly be said the Ms. Colon "relies on the mortgage". Moreover, Ms. Colon's Amended Complaint is not limited to calls regarding her mortgage. "At least a portion of these calls were in regards to the above-referenced alleged debt". [D.E. 15 at ¶16].

The dilemma for Nationstar is that the Mortgage was *not* attached to the Complaint, relied upon in the Complaint, or central to Plaintiff's claims, contrary to Nationstar's position in footnote number two. At best, the Mortgage is central to Nationstar's *defense* to Plaintiff's claims. As such, any mention of the Mortgage is inappropriate at the motion to dismiss stage and should not be considered in ruling on the Motion.

This argument is similar to the one made Santos, where the defendant moved to dismiss the complaint by "claim[ing] it complied with TILA through its series of responses, so Plaintiff fails to state a claim." Santos v. Fed. Nat. Mortg. Ass'n, 889 F. Supp. 2d 1363, 1366 (S.D. Fla. 2012). The court disagreed because "the supplemental responses are not properly considered at the motion to dismiss stage". Id. The court explained:

> When considering a motion to dismiss, the Court takes the nonconclusory allegations of the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Typically, a court is confined to the four corners of the complaint. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir.2009). An exception exists for documents that were not attached to the complaint if they are central to a plaintiff's claim and their authenticity is undisputed. *See Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir.1997) ( "[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal...."). The supplemental responses are not central to Plaintiff's claim. They are central to the Defendants' defenses. Therefore, they are not properly considered.

Santos v. Fed. Nat. Mortg. Ass'n, 889 F. Supp. 2d 1363, 1366 (S.D. Fla. 2012)

As to whether this Court should take judicial notice[1] of the Mortgage—the Mortgage is a contract entered into between Ms. Colon and CitiMortgage, Inc. The Court does not have any evidence before it that the Mortgage is linked to this Action. Thus, even if the Court were to take judicial notice of the Mortgage—the inquiry would not end there. The Court would be required to take judicial notice of the assignment of mortgage which is also impermissible.

### ii. The Assignment of Mortgage is Outside of the Four Corners of the Complaint

The Assignment of Mortgage does not convey over the Promissory Note for which the Mortgage secured and only seems to assign the Mortgage itself. The apparent rule in Florida is that an assignment of a mortgage without an assignment of the related mortgage note is deemed a nullity and creates no right in the assignee because a mortgage is a mere lien incidental to the obligation it secures. *See e.g.*, Sobel v. Mutual Development, Inc., 313 So. 2d 77 (Fla. 1st DCA 1975)( [a] mortgage is a mere incident of, and ancillary to, the note or other obligation secured thereby, and an assignment of the pledge of the mortgage without an assignment of the pledge of the note or obligation secured thereby creates no right in the assignee or pledgee); Vance v. Fields, 172 So. 2d 613 (Fla. 1st DCA 1965)( [a]n assignment of the mortgage without an assignment of the debt creates no right in the assignee)(citing 6 Am. Jur.2nd, Assignments, Sec. 26, page 210; 22 Fla. Jur. Mortgages, Sec. 540, page 621).

Federal courts that have interpreted this point of Florida law, have reached the same conclusion. "Under Florida law it is well settled that the pledge of a mortgage or, as in the present case, an assignment of a security agreement without pledge or assignment of the underlying note creates no rights for the assignee or pledgee." In re Hurricane Resort Co., 30

---

[1] Fed.R.Evid. 201(b) provides that "a judicially noticed fact must be one not subject to reasonable dispute in that it is ... (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

B.R. 258, 260 (Bankr. S.D. Fla. 1983). The court further noted that, "[t]he issue regarding the invalidity of an assignment of a security agreement without an accompanying assignment of the promissory note has been addressed and definitively answered by this Court in the case of <u>Air Transport Leasing v. Belize Airways Limited</u>. 7 B.R. 604 (Bankr. S.D. Fla. 1980)". <u>Id</u>.

The Restatement (Third) of Property would also appear to agree with Florida's position, "[e]xcept as otherwise required by the Uniform Commercial Code, *a transfer of a mortgage also transfers the obligation the mortgage secures* unless the parties to the transfer agree otherwise." *Restatement (Third) of Property:* Mortgages section 5.4(b)(emphasis added). Plaintiff has not so agreed, and the language of the mortgage speaks for itself. *See also* <u>Id</u>. at comment c, illustration 5 (when mortgage assignment makes no mention of a note, ownership of the note will pass to the assignee with the mortgage).

The only written assignment presented to the Court is not an assignment of the Note but rather an "Assignment of Mortgage," which does not make reference to the Note. [D.E. 18-2]. A plain review of the express language in the Assignment of Mortgage clearly shows MERS assigned only the interest in the mortgage and makes no mention of the Note obligation. Of course, it is also unclear what rights MERS had, if any. Notwithstanding, courts all across the Country have realized that MERS, not being the owner of a Note, cannot assign or transfer the Note, the beneficial interest in the deed, or foreclose upon the property secured by the deed. *See* <u>In re Foreclosure Cases</u>, 521 F. Supp. 2d 650, 653 (S.D. Oh. 2007); <u>In re Vargas 396 B.R.</u> 511, 520 (Bankr. CD. Cal. 2008); <u>Landmark Nat'l Bank v. Kesler</u>, 216 P.3d 158 (Kan. 2009); <u>LaSalle Bank v. Lamy</u>, 824 N.Y. S.2d 769 (N.Y. Sup. Ct. 2006).

The notice-and-cure provisions in the deeds of trust bind the borrower and the lender, not the borrower and the loan servicer". <u>Schmidt v. Wells Fargo Home Mortg.</u>, 2011 WL 1597658

(E.D. Va. Apr. 26, 2011). Moreover, on December 26, 2012, Nationstar filed a foreclosure action against Ms. Colon in the Circuit Court in and for Miami-Dade County in Case No. 12-50052CA11. In paragraph 5, Nationstar stated that Federal National Mortgage Association ("Fannie Mae") is the owner of the loan. [Nationstar] is the servicer of the loan and is the holder of the note. Federal National Mortgage Association has authorized [Nationstar] to bring this action." Thus, there remains a question of fact as to which rights were retained by Nationstar.

### iii.     Plaintiff's Claims are not Barred by the Mortgage

Here, even if Nationstar was a party to the mortgage, the violations arise from a breach of Federal law—not the mortgage. Nationstar has not, because it cannot, cite to single a case that is not dealing with a breach of the actual mortgage contract. In fact, in its Motion, Nationstar relies heavily on just one case—Hill, et al. v. Nationstar Mortgage LLC, et al., No. 15-60106-CIV-WPD, 2015 WL 4478061. While Nationstar points out that Hill was filed by the undersigned, Nationstar fails to point out that its law firm in this matter is also defending it in that case as well and knows very well that Judge Dimitrouleas's opinion was based on the facts that the Hills brought a breach of contract claim.

> Plaintiffs allege: "Borrowers' mortgage loan contracts contain specific provisions concerning a Loan Servicer's ability to order Property Inspections and charge Borrowers for the cost of such inspections. In the present case, the Plaintiffs' allegations of charging too much for each inspection, of inspecting too frequently, and of inspecting without reason to do so are all based upon their contentions that Defendants violated Paragraph 9 of the mortgage contracts, which grant Defendants the right to "do and pay for whatever is *reasonable or appropriate* to protect the Lender's interests in the Property and rights under [the mortgage agreement] including protecting and/or assessing the value of the Property...." Thus, regardless of the cause of actions alleged, the Homeowners' claims are entirely based on their mortgage contracts, specifically Paragraph 9."

Hill v. Nationstar Mortgage LLC, 2015 WL 4478061, at *3 (S.D. Fla. 2015)(internal citations omitted)

> ### iv.   The pre-suit notice provision does not apply to claims that do not arise from the mortgage contract

A notice-and-cure provision can only function as a precondition to suit when claims arise from actions taken pursuant to the contract or agreement at issue. While Nationstar relies heavily on Judge Dimitrouleas's opinion in Hill, it completely ignores Judge Dimitrouleas's opinion in St. Breux v. U.S. Bank, Nat. Ass'n, 919 F. Supp. 2d 1371, 1375 (S. D. Fla. 2013) ("the notice and cure provision of the mortgage can act as a bar only if it applies by its terms to this action"). Contrary to Defendants' assertion that "[Plaintiffs'] claims are entirely based on their mortgage contracts," Plaintiffs' TCPA claims arise from separate statutes and duties, not the mortgage contract. Therefore, Defendants' argument in favor of dismissing all of Plaintiffs' claims is unavailing.

In St. Breux, the plaintiff brought suit under the Truth in Lending Act (TILA) for allegedly deficient disclosures in a mortgage agreement. See St. Breux, 919 F. Supp. 2d at 1376-77[2]. Even though the plaintiff had not complied with a notice-and-cure provision for claims "arising from" the other party's actions pursuant to the contract, the court did not dismiss the suit, as "the notice and cure provision of the mortgage can act as a bar only if it applies by its terms to this action." St. Breux, 919 F. Supp. 2d at 1375. Because the TILA violation provided

---

[2] An important distinguishing factor between this action and St. Breux is that, in St. Breux, U.S. Bank **was not the Loan Servicer**, but rather **the assignee of the original Lender**. See 919 F. Supp. 2d at 1374. The Loan Servicer in St. Breux was non-party Litton Loan Servicing LP. Id. The Court found that it was a "close call" whether even the **Lender** was entitled to pre-suit notice on a TILA claim; the Loan Servicer, even further removed, clearly is not entitled to pre-suit notice.

the basis for the claim, rather than the mortgage agreement itself, the Court found that the provision did not apply. *See id.* Likewise, in the present case, Plaintiffs' TCPA claim does not arise from the mortgage contract, and thus the notice-and-cure provision in the mortgage cannot bar these claims.

For a claim to fall within the scope of this provision "by its terms," the claim must (1) be brought by a Borrower against a Lender; and (2) "arise from the other party's actions pursuant to [the] Security Instrument" or "allege[] that the other party has breached any provision of, or any duty owed by reason of [the] Security Instrument." *Id.*

Aside from Hill, Defendant cites only to Newton v. Wells Fargo Bank N.A., 2013 WL 5854520, at *1 (M.D. Fla. 2013). [D.E. 18 at 3]. However, Newton deals with a jury trial waiver under paragraph 25 of the mortgage—not the notice and cure provision. The distinction is crucial because that provision states "The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of *or in any way related* to this Security Instrument or the Note" (emphasis added). Under paragraph 20, the relevant language is "that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument …".

Other courts addressing pre-suit notice provisions like the one in Plaintiffs' mortgage contracts have held that pre-suit notice requirements in the contracts do not extend to other causes of action not based on the contract. Wynkoop v. Wells Fargo Home Mortg., Inc., 2011 WL 2078005, at *2 (S.D. Fla. 2011) (finding failure to provide pre-suit notice did not preclude negligence claim because "Defendant's duty does not arise from the Mortgage itself, but from Defendant's status as a mortgage servicer who accepts Plaintiff's escrow payments."); Orser v.

Select Portfolio Servicing, Inc., 2005 LEXIS 39737, at *10 (W.D. Wash. Dec. 20, 2005) (rejecting argument that unjust enrichment claim was barred by contractual relationship because the "matter at the center of Plaintiff's claim for unjust enrichment is Defendant's collection of the $50.00 Payoff Statement Fee, whereas the matter of the acknowledged contract is the agreement between a borrower and a lender to secure a promissory note with the deed of trust relating to a piece of real property."); Sigwart v. U.S. Bank Nat. Ass'n, 2014 WL 1322813, at *7 (D. Haw. 2014)(Similarly, here the specific duties that Defendants allegedly violated are "owed by reason of" Chapter 667, not the Mortgage. Granted, the broad language of section 20 could be read to apply to any conduct related in any way to foreclosure "pursuant to" the Mortgage. This Court, however, agrees with the numerous courts that have considered this issue in the past, and declines to create a new, broad interpretation of this provision. For these reasons, the Court finds that section 20 is inapplicable to this lawsuit.)

At bottom, case after case holds that the notice and cure provision should not bar this TCPA suit. The only case cited by Defendant on this point was dealing with a breach of contract claim.

### v.    The issue of pre-suit notice cannot be resolved on the pleadings

Dismissal for failure to plead compliance with a notice-and-cure provision is inappropriate for resolution in a 12(b)(6) motion because it requires a finding of fact outside the four corners of the Complaint, namely that Defendants were not afforded notice and an opportunity to cure. *See, e.g.,* Delmar Financial Co. v. ISGN Corp., 2014 WL 3734277, at *3 (E.D. Mo. 2014) (finding that even though "plaintiff's complaint does not allege that it provided defendant with an opportunity to cure … plaintiff's failure to specifically plead these facts is not fatal to its breach of contract claim at this stage of litigation).  Nationstar do not support their argument with authority demonstrating that a plaintiff must plead compliance with a notice-and-

cure provision to survive a motion to dismiss.  Defendants' contention that no notice was given is a contention of fact inappropriate for resolution here.[3] Finally, even if Defendant was correct, the letters attached to the Amended Complaint satisfy the notice and cure provision.

## CONCLUSION

For the reasons discussed above, Ms. Colon, respectfully requests this Honorable Court deny Defendant's Motion to Dismiss, order Defendant to file an Answer to Plaintiff's Amended Complaint, and grant such other relief as is just and proper.

Respectfully submitted,

LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
2150 S. Andrews Ave., 2nd Floor
Fort Lauderdale, Florida 33316
Telephone: (954) 523-4357
Facsimile: (954) 581-2786

By:     s/Yechezkel Rodal_____
         YECHEZKEL RODAL ESQ.
         Florida Bar Number: 091210

---

[3] Even if Defendants' argument is that provision of pre-suit notice needed to be pled in the Complaint by virtue of the fact that it is a condition precedent to action, courts have held that it is only where a contract "contains an unambiguous condition precedent" that plaintiffs must "plead compliance therewith to state a breach of contract claim."  *Mahoney v. Sony Music Entertainment*, 2013 WL 491526, at *6 (S.D.N.Y. Feb. 11, 2013).  The notion that the provision applied to Defendants is erroneous, or at best ambiguous, as Defendants are not the Lenders. This issue, therefore, is a serious point of contention about the facts concerning the identity of the parties bound by the notice-and-cure provision, and thus it cannot form the basis for dismissal at this stage of the litigation.  *See WiAV Solutions LLC v. Skyworks Solutions, Inc.*, 2015 WL 57670, at *3 (S.D.N.Y. Jan. 5, 2015) ("While [Defendant] contends that a factual dispute does not exist because the contract language is materially unambiguous regarding notice, … at this procedural stage [Defendant] simply cannot show as a matter of law that [Plaintiff] failed to comply with the notice-and-cure provision and that this bars the complaint entirely. The parties' dispute is indisputably factual.").

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on November 2, 2015 with the Clerk of Court using CM/ECF along with having served all counsel of record or pro se parties identified on the service list incorporated herein in the manner specified, either via transmission of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notice of Electronic Filing.

Eric S. Matthew, Esq.
Akerman LLP
One Southeast Third Avenue, 25th Floor
Miami, FL 33131
Counsel for Defendant NATIONSTAR
Service by CM/ECF

LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
2150 S. Andrews Ave., 2nd Floor
Fort Lauderdale, Florida 33316
Telephone:      (954) 523-4357
Facsimile:      (954) 581-2786


/s/Yechezkel Rodal_____
YECHEZKEL RODAL ESQ.
Florida Bar Number: 091210
E-Mail: chezky@floridaloanlawyers.com